CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:07CR00030 |
| | ) (Case No. 7:09CV80172) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| DAVID L. ALEXANDER, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Defendant David L. Alexander, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon review of the record and the motion, the court finds that the motion is without merit and will accordingly dismiss it.

## Background

Alexander pleaded guilty on September 10, 2007 to two counts of a multi-count superseding indictment: conspiracy to distribute more than 500 grams of a mixture containing methamphetamine (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Six). On August 7, 2008, the court sentenced Alexander to a total of 228 months imprisonment, consisting of 168 months on the drug conviction and a consecutive sentence of 60 months on the firearms conviction. Alexander filed the present motion under § 2255 on or about August 5, 2009. In the motion, he contends that his sentence should be reduced due to ineffective assistance of counsel at sentencing. Specifically, he argues that counsel should have argued that the introductory "except" clause in 18 U.S.C. § 924(c)(1)(A) prohibited the court from imposing the 60-month mandatory minimum sentence on Count Six to run consecutively to the 168-month sentence imposed on Count One, a drug charge.

## Discussion

To prove that counsel's representation was so defective as to require that the conviction be vacated, a defendant must satisfy both prongs of a two-part standard by demonstrating that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The defendant must overcome a strong presumption that "under the circumstances, [counsel's] challenged action might be considered sound trial strategy." Id. at 689. On habeas review, the court must be highly deferential to counsel's strategic decisions, avoiding the distorting effects of hindsight. Id. at 688-89. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that the defendant has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

> Alexander relies on the express language of the statute:
>
> (c)(1)(A) <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law</u>, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;

-2-

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

§ 924(c)(1)(A) (emphasis added). Alexander argues that the first phrase of this section exempted him from receiving the five-year mandatory minimum sentence on the firearms charge, because the mandatory minimum ten-year sentence applicable to his conviction on the drug charge was greater. Alexander relies on the reasoning in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) (finding that under the "except" clause of § 924(c)(1)(A), consecutive ten-year minimum sentence for discharge of firearm did not apply to defendant who was subject to fifteen-year minimum sentence for being a felon in possession of a firearm with three prior violent felonies).

In 2001, the United States Court of Appeals for the Fourth Circuit rejected the argument that Alexander now raises. See United States v. Studifin, 240 F.3d 415 (4th Cir. 2001). The defendant, Studifin, was convicted of interfering with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (the Hobbs Act) (Count One); using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count III). Id. at 417. The district court sentenced Studifin to two concurrent terms of 180 months imprisonment and a consecutive 84-month term on the § 924(c) conviction. Id. Like Alexander does here, the defendant in the Studifin case argued that the "except" clause as amended in 1998 "prohibit[s] the imposition of a mandatory consecutive sentence pursuant to § 924(c) where the mandatory minimum sentence from another provision of law is greater than the mandatory minimum consecutive sentence under § 924(c)." Id. at 418.

The Fourth Circuit found Studifin's interpretation of the "except" clause to be inconsistent with the clear intent of the statute to increase, rather than decrease, sentences for those who use firearms to commit acts of violence, stating:

> . . . [I]n light of the structure and language of § 924(c)(1), it is clear that the "except to the extent" language is designed to "link the remaining prefatory language in (c)(1)(A) to" the other subdivisions [of § 924 itself]. We also believe that the "any other provision of law" language provides a safety valve that would preserve the applicability of any other provisions that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c). In other words, we read this language as simply reserving the possibility that another statute or provision might impose a greater minimum consecutive sentencing scheme for a § 924(c) violation, and not as negating the possibility of consecutive sentencing in the circumstances of the present case.
>
> . . . .
>
> [Studifin's] construction of § 924(c) simply makes no sense in light of Congress's clear intent in § 924(c) to impose mandatory consecutive sentences, as opposed to choosing between one or the other sentence, and indeed would be patently inconsistent with the intent expressed in § 924(c)(1)(D)(ii) to require mandatory consecutive sentences against those who commit crimes of violence while using or carrying firearms in furtherance of their crimes. Examining the statute as a whole, particularly in light of the language of § 924(c) and the purpose behind the 1998 amendments, we do not believe that Congress intended to narrow § 924(c) by eliminating mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct other than that described in § 924(c). For these reasons, we reject Studifin's interpretation of § 924(c). . . .

Studifin, 240 F.3d at 423-24 (internal quotations, citations, and footnotes omitted); United States v. Alaniz, 235 F.3d 386, 386-88 (2d Cir. 2000).

In assessing whether Alexander's counsel provided reasonably competent representation at sentencing, the court must consider the circumstances and the legal landscape counsel faced. In August 2007, the Fourth Circuit had decided in the Studifin decision that the "except" clause did not prevent the sentencing court from imposing a mandatory minimum sentence on a § 924(c) offense consecutive to a higher mandatory minimum on some other type of criminal

-4-

offense. Id. In August 2007, then, Studifin was, and remains today, the controlling law on this issue in this circuit. Moreover, the Whitley decision from the United States Court of Appeals for the Second Circuit had not yet been decided at the time of Alexander's federal sentencing hearing in August 2007. The Second Circuit, being free to decide an issue differently from other federal courts of appeals, in Whitley expressly rejected the reasoning of the Studifin decision. 529 F.3d at 157-58. The district court, however, was bound to follow Fourth Circuit precedent. Thus, counsel reasonably could have believed that an "except" clause challenge to Alexander's consecutive sentence on the firearms charge, based on the higher mandatory minimum sentence on the drug charge, would be futile under Studifin. Counsel cannot be found deficient for failing to bring a futile motion. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make meritless motion). Similarly, because the Studifin decision was directly on point with regard to his current claim and represents binding authority in this district, Alexander cannot show a reasonable probability that an objection under the "except" clause of § 924(c)(1)(A) would have resulted in a different outcome at sentencing. As he thus cannot satisfy either prong of the Strickland standard, his claim of ineffective assistance fails. Accordingly, the court will dismiss his § 2255 motion.

## Conclusion

Taking the allegations in the light most favorable to the defendant, the court finds that Alexander cannot prove his claim of ineffective assistance. Therefore, the court will summarily

dismiss his § 2255 motion, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.[1] An appropriate final order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 12th day of August, 2009.

/s/ Glen Conrad
United States District Judge

---

[1] Rule 4(b) provides that if it plainly appears from the record of the criminal proceedings and the face of the § 2255 motion that the defendant is not entitled to relief, the reviewing judge may summarily dismiss the motion.